OPINION OF THE COURT
Jan H. Plumadore, J.
Petitioner challenges the assessment of its hydroelectric plant. Respondents move for partial summary judgment as to the inclusion of the equipment (computer consoles, relay cabinets, turbines, etc.) in the valuation process and petitioner opposes. Respondents’ motion will be granted in part.
It has been clear since the decision in Herkimer County Light & Power Co. v Johnson (37 App Div 257) that power-generating equipment in a facility designed exclusively to produce same for commercial sale and transmission is assessable as real property in the tax district it is located in. The Fourth Department (supra, at 264) held that this was due to *647 its connection to and use in direct conjunction with " 'mains, pipes’ ” etc. " 'laid or placed in, upon, above or under any * * * street * * * for conducting * * * electricity or any property, substance or product capable of transportation or conveyance therein or that is protected thereby’ ” (citing the predecessor to current Real Property Tax Law § 102 [12] [e]).
The case relied on by respondents, Matter of Consolidated Edison Co. v City of New York (44 NY2d 536, 542) cited Herkimer Light & Power Co. (supra) with approval as far as the principal of "direct connection” was concerned. However, it determined that since its controversy was resolvable by resort to the "structures” definition of real property in Real Property Tax Law § 102 (12) (b) the Court of Appeals never reached the subdivision (e) and (f) (generating apparatus excepting moveables) arguments on which the lower courts had relied. It held that barge-mounted whole power plants were structures within the meaning of Real Property Tax Law § 102 (12) (b) despite their moveability (as Con Ed argued under § 102 [12] [f]).
In reaching the question of whether mounting on barges was a critical distinction the court stated: "Surely power plants and fuel reservoirs of the type here considered fall within the familiar connotation of structures; no one would doubt that if erected on the land such facilities * * * would be within easy reach of the real estate assessment rolls” (44 NY2d, at 541, supra). Having thereafter made its determination "[concluding that the barge-mounted power plants are real property within the meaning of section 102 (subd 12, par [b]) of the Real Property Tax Law”, it found "no sufficient reason to reach a contrary result with respect to the auxiliary apparatus and equipment and the four fuel oil barges which, in the manner of operation here employed, were used in connection with the power plants” (supra, at 543; emphasis supplied). In reaching the apparatus and equipment conclusion the Court of Appeals specifically relied on Herkimer Light & Power Co. (supra, at 264), i.e., without expressly so-stating it relied on Real Property Tax Law § 102 (12) (e) and expressly approved Herkimer’s direct-connection-to-modes-of-conduction holding even though it relied on section 102 (12) (b) (structures) as to the barge-mounted plants themselves without reaching the subdivision (e) and (f) arguments/lower court holdings with respect thereto.
That said and here concluded, this court expressly rejects petitioner’s Real Property Tax Law § 102 (12) (f) (moveability *648 of components) argument and the citations (none of which involve the commercial production of energy for outside consumption) on which it is based.
Respondents are awarded partial summary judgment to the extent all the contested equipment and machinery is includable in the assessed value. The court declines respondents’ suggestion that the remainder of the petition be dismissed without prejudice. There is no basis for such a direction in the forthcoming order when the merits of paragraphs 8 (dewatering and excavation costs) and 9 (lines, poles, etc. owned by Niagara Mohawk) of Mr. Burke’s April 23, 1990 affidavit are even preliminarily considered (but which were not here squarely argued). Accordingly, insofar as those paragraphs and the disputes reflected therein are concerned the petition remains viable.
Respondents are granted summary judgment as to petitioner’s other grounds to contest.